REQUESTED BY: Donald L. Knowles, Douglas County Attorney, Omaha, Nebraska.
After an exemption has been granted pursuant to section77-202.02, R.R.S. 1943, is the exemption good for four years, or may it be reviewed in intervening years?
It may be reviewed each year.
Section 77-202.02, R.R.S. 1943, provides for granting of tax exemptions on application by the owner. Sections77-202.01 to 77-202.07 were adopted in 1963. Section77-202.03 has been amended from time to time, and is somewhat confusing, but in essence provides for a system of granting exemptions every four years, with those granted continuing for four years, if an affidavit is filed each year certifying that the use of the property has not changed during the year.
Section 77-202.03 required applications for exemption to be filed by January 1 of the year following adoption of the act, that is, by January 1, 1964. This, then, would require renewal applications to be filed before January 1, 1968, 1972, and 1976 (although the statute has been amended to provide that in 1976 new applications may be filed by April 1).
In intervening years holders of exemptions must file affidavits that the use of the property has not changed during the year. New applications for exemption in intervening years expire at the end of the same four-year periods as old exemptions, so that all such exemptions expire at the same time, regardless of when granted.
Your question is whether this system prevents termination of the exemption during the four-year period, if the use of the property has not changed during an intervening year. Your question is answered by the last proviso of section77-202.03(1), which provides:
 ". . . Provided, that the county assessor and the county board may cause such exemption to be reviewed in any year to determine whether the exemption should be continued and may do so even if the use of the property has not changed from when a previous exemption may have been granted, which review shall proceed as on an application under section 77-202.02."
You inform us that a contention has been made that the provision for review of exemptions applies only to new exemptions granted in intervening years. We suppose such a contention is based upon the argument that the proviso immediately follows the provision dealing with exemptions granted in intervening years, and that therefore the expression `such exemption' applies only to those discussed immediately preceding the proviso. We find this argument singularly unpersuasive.
In the first place, the history of the legislation would not lead to such a conclusion. The provision quoted above was not enacted at the same time as the provision dealing with exemptions granted in intervening years. If it had been, there might have been a stronger argument that in that legislation the Legislature was thinking only about one particular type of exemption, and used the words `such exemption' in that limited sense. Such is not the case, however. The proviso was added by LB 118 in 1973. In the title of the bill it was stated that the bill was an act `to provide for review of exemptions,' without in any way limiting it in the manner contended for. It appears that the end of the subsection where the proviso was put was simply the most convenient spot to insert it, and has no significance in limiting the meaning of `such exemption.'
Even if there were doubt about the meaning, we would construe the proviso to apply to all exemptions described in section 77-202.03, because if possible we construe statutes in such a way as to reach a sensible and constitutional result, rather than the opposite. To provide that an exemption granted in 1977 could be reviewed, although there had been no change in the use of the property, but that one granted before January 1, 1976, could not be reviewed until 1980 would, in our opinion, be completely irrational. It would violate the Equal Protection Clause of the Federal Constitution, and Article III, Section 18, of the Nebraska Constitution, by granting the holders of the one type of exemption exclusive privileges and immunities. Furthermore, if the exemption had been erroneously granted, but could not be revoked, a violation of Article VIII, Section 2, of the Constitution, which provides that no property shall be exempt from taxation except as provided in the Constitution, would be involved. We therefore reach no such conclusion.